I concur in the majority's analysis and disposition of appellant's second assignment of error. However, I respectfully dissent from the majority's analysis and disposition of appellant's first assignment of error. The majority takes note of, and thereby impliedly finds fault in, the trial court's failure to make a factual finding appellee was voluntarily unemployed. Although accurate, appellee has not cross-appealed the trial court's imputation of income to her (which necessarily includes a finding of voluntarily unemployment or underemployment), nor has appellant, for obvious reason, assigned the lack of such a finding as error. Rather, appellant's argument is the trial court did not impute enough income to appellee. The majority's finding the trial court abused its discretion is premised upon the lack of record evidence to support calculation of appellee's imputed income at $10,712.00. Again, appellee has not cross-appealed claiming there was a lack of evidence to support $10,712.00 as the amount of income to be imputed to her. It was appellant who bore the burden of establishing income should be imputed to appellee and the amount to be imputed. As noted by the majority, appellant agreed to the computation of appellee's wages [at a minimum] at minimum wage. As appellant bore the burden of proof on this issue, appellant cannot now claim error due to the lack of evidence in light of his stipulation. Nothing precluded appellant from presenting evidence to support a higher figure either by direct evidence or indirectly, through cross-examination of appellee. Unlike the majority, I do not believe the trial court's decision was arbitrary given the totality of the circumstances.
I would affirm the judgment of the trial court in toto.